## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|          ) | |
|     Plaintiff,    ) | |
|          ) | |
| -vs-    ) | Case No. CR-08-0242-2-F |
|          ) | |
| RAYMOND YOUNG,    ) | |
|          ) | |
|     Defendant.    ) | |

## <u>ORDER</u>

The court is in receipt of an undated letter from defendant Raymond Young, filed of record by the clerk on June 1, 2020. Doc. no. 83. The letter requests compassionate release, stating that: Mr. Young is "concerned and scared for [his] life here at this prison due to the poor conditions and the negligence of the staff and inmates"; that "[i]t's virtually impossible to practice social distance in this environment"; and that "this pandemic threatens [Mr. Young's] chances of seeing" his children. *Id.* The letter is construed as a motion from Mr. Young requesting compassionate release under 18 U.S.C. §3582(c)(1)(A)(i) due to the COVID-19 virus. The United States of America has not responded to Mr. Young's motion, but, upon review, the court finds no response is required in these circumstances. For the reasons stated below, the court concludes that Mr. Young's motion for compassionate release must be dismissed for lack of jurisdiction.

The First Step Act, effective December 18, 2018, amended 18 U.S.C. § 3582(c) to authorize a defendant to move the sentencing court for a sentence reduction for "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *see*, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, at 5239. Prior to the Act, only

the Director of the Bureau of Prisons was authorized to bring such a motion. However, a defendant is only authorized to bring a motion for sentence reduction for extraordinary and compelling reasons after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." *Id*.

This court, like a number of district courts, has determined that the exhaustion and 30-day requirement is jurisdictional, and that the court may not waive compliance by a defendant seeking compassionate release even under the exigent circumstances presented by COVID-19. *See*, United States v. Heffel, No. CR-16-174-F, Order filed April 24, 2020 (doc. no. 42) (citing United States v. Gonzalez, No. 18-cr-130-PAB, 2020 WL 1905071, at *1 (D. Colo. Apr. 17, 2020); United States v. Read-Forbes, No. 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020); United States v. Soto, No. 16-cr-138-CMA, 2020 WL 1875147, at *1 (D. Colo. Apr. 15, 2020); United States v. Boyles, No. 18-20092-JAR, 2020 WL 1819887, at *2 (D. Kan. Apr. 10, 2020); United States v. Alam, No. 15-20351, 2020 WL 1703881, at *2 (E.D. Mich. Apr. 8, 2020); United States v. Perry, No. 18-cr-480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); and United States v. Keith, No. CR-16-62-D, 2019 WL 6617403, at *2 (W.D. Okla. Dec. 5, 2019)).

Defendant's motion does not demonstrate that he has complied with the exhaustion or 30-day requirement. As a result, the court lacks jurisdiction to consider defendant's request for a sentence reduction under § 3582(c)(1)(A)(i), and dismissal of defendant's motion is required. *See*, United States v. White, 765 F.3d 1240, 1250 (10th Cir. 2014); United States v. Graham, 704 F3d 1275, 1279 (10th Cir. 2013).

Accordingly, doc. no. 83, construed as a motion for a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A)(i) due to the COVID-19 virus, is **DISMISSED** for lack of jurisdiction.

IT IS SO ORDERED this 3rd day of June, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

08-0242p002 (Young).docx